UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-22734-Civ-TORRES

ALFREDO GONZALEZ,

    *Plaintiff,*

v.

ACACIA LANE, LLC, *et al.*,

    *Defendants.*

_____/

### ORDER ON PLAINTIFF'S EMERGENCY MOTIONS

This cause comes before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order [D.E. 8] and Emergency Motion for Hearing. [D.E. 12]. For the reasons set forth below, Plaintiff's Motions are **DENIED**.

### I.   ANALYSIS

Plaintiff seeks to halt a foreclosure sale scheduled for August 4, 2025, on the basis that Plaintiff's interest is not adequately represented in the state court foreclosure action. (Case No. 2024-013059-CA-01).

Specifically, Plaintiff alleges that his company, Silverstone Southeast Investment, LLC, has an interest in the subject property, and Plaintiff himself served as a guarantor for that interest. But, Plaintiff alleges, Silverstone Southeast Investment, LLC, was improperly left off of the mortgage. Nonetheless, both Plaintiff and Silverstone Southeast Investment, LLC were defendants in the state court

1

foreclosure action. Plaintiff was dropped as a defendant, but not until after the state court entered a Final Summary Judgment of Foreclosure.

Thus, in the pending motions, Plaintiff seeks to halt the foreclosure sale and set an emergency hearing on the basis that the state court proceeding is violated his due process rights.[1] Upon initial review of Plaintiff's case based on his emergency filings, we likely lack jurisdiction over this matter, and cannot award the sought emergency relief. In the state court case, the court entered Final Summary Judgment of Foreclosure. [Case No. 2024-013059-CA-01, D.E. 65]. "The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). Indeed, the doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

---

[1] Plaintiff apparently already sought to halt the foreclosure sale by filing for bankruptcy on behalf of Silverstone Southeast Investment, LLC. The bankruptcy court granted the U.S. Trustee's expedited motion to dismiss that bankruptcy case (Case No. 25-15028-LMI), and the state court consequently ordered that "[a] subsequent suggestion of bankruptcy or other notice of bankruptcy **SHALL NOT** cause the clerk to cancel the sale scheduled to occur on [August 4, 2025]." (Case No. 2024-013059-CA-01, D.E. 89).

Here, that is precisely what Plaintiff asks us to do—undermine a state court judgment by halting a foreclosure sale that was ordered by that court. We likely cannot award the relief that Plaintiff seeks (i.e., consider the same set of facts that the state court considered, disagree with the result, and stay the remedy provided), let alone on an emergency basis, and after Plaintiff already sought to achieve the same result by filing for bankruptcy. *See, e.g., Guy v. Florida*, No. 19-12852, 2022 WL 1112878, at *3 (11th Cir. Apr. 14, 2022) (affirming dismissal of similar action; "This is one of those the rare cases in which the district court lacked jurisdiction to hear each claim in Guy's complaint under the *Rooker-Feldman* doctrine. This is because in each claim, Guy asked the district court to "review and reject" the state courts' judgments in the foreclosure proceedings. . . . Each claim alleged that actors in the state-court proceedings, whether judges, clerks, or an employee for the mortgage company, had prejudiced his state court foreclosure proceedings. This alone is not sufficient under *Behr* to invoke the *Rooker-Feldman* doctrine. But the relief Guy requested was a stay of the foreclosure proceedings in state court so that his condominium would not be foreclosed upon. This prayer for relief evidences a direct attack of the state-court judgment, just as we indicated in *Behr*. . . . So, the district court correctly determined that it lacked jurisdiction over any of the claims in the complaint under *Rooker-Feldman*.") (citations omitted); *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1268 (11th Cir. 2021) (affirming dismissal of action seeking to enjoin state foreclosure proceeding under All Writs Act; "In sum, there is no

underlying proceeding of which the District Court has jurisdiction and which it would be properly acting to protect by issuing the requested order.").

Plaintiff may wish to seek to personally intervene as an interested party back into the state court action if he maintains a good faith, reasonable belief that his interest has not been adequately represented. But this federal court cannot award the relief Plaintiff seeks based on the pending emergency requests because at this stage the Court cannot summarily find that Plaintiff has a substantial likelihood of success. To the extent Plaintiff still wishes to prosecute this federal action and seek monetary damages on an allegedly unconstitutional state court process, assuming such a claim was viable, then he must first have the summons and complaint served on the named Defendants before the Court can adjudicate any further claims in the case.

## II.     CONCLUSION

Accordingly, Plaintiff's Motions [D.E. 8, 12] are **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida this 30th day of July, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge